UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kiara K. Clay,<br>Plaintiff,<br><br>v.<br><br>Chipotle Services, LLC d/b/a Chipotle Mexican Grill,<br>Defendant. | CASE NO.: 2:25-cv-00387-RMG-MHC<br><br>**COMPLAINT** |

**JURISDICTION AND PARTIES**

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq*.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on the basis of gender discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about November 8, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Kiara K. Clay, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Chipotle Services, LLC d/b/a Chipotle Mexican Grill, upon information and belief, is a foreign corporation organized in the State of Colorado and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. The Plaintiff began working for Defendant on or about January 8, 2024. At all times, Plaintiff was efficient and effective in her work.

11. Beginning on or about February 23, 2024, the Plaintiff was subjected to gender discrimination by a male co-worker, Dejean Deterville.

12. The Plaintiff would constantly be called names such as, "bitch" and "hoe" by Mr. Deterville, and he would purposefully physically run into Plaintiff and then threaten her after running into her.

13. Plaintiff reported the discrimination and harassment to Defendant's General Manager, Falisha Wilson, and District Manager, Dave Pezley, but nothing was ever done.

14. Plaintiff and Mr. Deterville were then placed on the same line and shift after Plaintiff reported the discrimination.

15. Mr. Deterville continued to make derogatory remarks to Plaintiff based on her gender.

16. Plaintiff again reported discrimination, harassment, and now a hostile work environment to Mr. Pezley, but she was only told to ignore it, and nothing was done.

17. Mr. Deterville then would throw bags of black beans at Plaintiff. Plaintiff reported this again, and requested a number for Human Resources, but was denied.

18. On or about March 6, 2024, after the Plaintiff's request for Human Resources' number, Plaintiff was terminated in retaliation for her report of discrimination, harassment, and hostile work enviornment.

19. Mr. Deterville was never reprimanded, transferred, terminated, or in any way confronted regarding Plaintiff's complaint of gender discrimination, harassment, and a hostile work environment. Mr. Deterville, upon information and belief, still works for Defendant.

20. Plaintiff's termination was pretextual in nature and was in reality, retaliation for reporting gender discrimination.

21. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions by the Defendant.

22. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

23. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights - Gender Discrimination

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

26. Plaintiff had a satisfactory job performance while she worked for the Defendant.

27. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

28. Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to her gender and sex (female);

    b. In discharging Plaintiff due to her gender and sex (female); and

    c. In discharging Plaintiff for filing reports of gender discrimination and inappropriate behaviors.

29. That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and Equal Employment Opportunity Act.

30. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

31. As a direct and proximate result of Defendant's discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

32. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

33. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

34. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Hostile Work Environment

35. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

37. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing a hostile work environment to exist in the workplace.

38. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

39. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

40. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses

## FOR A THIRD CAUSE OF ACTION
### Retaliation

41. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

42. That as alleged above, plaintiff complained to the Defendant on several occasions about gender discrimination.

43. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

44. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

45. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

46. The Plaintiff's reports of gender discrimination were a determining factor in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff' reports of gender discrimination, she would not have been terminated.

47. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

48. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

49. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

50. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

51. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

52. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **REQUEST FOR RELIEF**

53. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

54. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay and other work benefits.

55. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned such amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

N. Charleston, South Carolina
January 21, 2025